FILED

12 DEC -4 PM 4: 17

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLA ROSE, an individual | CASE NO. 3:11-cv-00240-AJB (KSC) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |
| vs. | |
| SEAMLESS FINANCIAL CORPORATION, INC., a Nevada Corporation; MICHAEL MCDEVITT, an individual; CHAD HAGOBIAN, an individual; JEAN-PIERRE RADTKE, an individual; PREMIERE CAPITAL ESCROW, INC., a California Corporation; LUIS ANTONIO VENEGAS, an individual; and DOES 1-100, | [Doc. No. 70.] |
| Defendants. | |

Before the Court is plaintiff's ex parte motion, pursuant to Federal Rule of Civil Procedure 26(f)(1), to conduct limited discovery. For the reasons outlined below, plaintiff's Ex Parte Application is **GRANTED**.

## PROCEDURAL HISTORY

Marcella Rose is a 91-year-old woman residing in San Diego, California. The present action was originally filed on December 29, 2010 in state court against defendants Wachovia, Wells Fargo[1],

---

[1] Wells Fargo brought the motion individually and on behalf of Wachovia as their predecessor in interest. All further references will be solely to Wells Fargo.

1  Seamless, McDevitt, and Hagobian. [Doc. No. 1-1.] The Complaint contained six causes of action

2  alleging violations of: (1) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA");

3  (2) the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"); (3) the California

4  Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. ("Rosenthal Act");

5  (4) Unfair Competition provisions under California Business and Professions Code §§ 17200 et seq.

6  ("UCL"); (5) common law provisions against fraud and deceit; and (6) the Elder Abuse and Dependent

7  Adult Civil Protection Act, Cal. Welfare & Institutions Code § 15610.30 (the "Elder Abuse Act"). The

8  first, second, and third causes of action were alleged solely against Wells Fargo, whereas the remaining

9  state law causes of action were alleged against all defendants.

10        On February 4, 2011, defendants removed this action to federal court on the basis of federal

11  question jurisdiction and supplemental jurisdiction over the related state law claims. [Doc. No. 1.]

12  On February 11, 2011, defendant Wells Fargo filed a motion to dismiss the Complaint, [Doc. No. 2.],

13  which was subsequently denied as moot after plaintiff filed a First Amended Complaint ("FAC") on

14  March 4, 2011. [Doc. No. 7.][2] Thereafter, on March 18, 2011, Wells Fargo moved to dismiss

15  plaintiff's FAC. [Doc. No. 13.] On May 25, 2011, plaintiff and Hagobian filed a joint motion for an

16  extension of time for Hagobian to respond to the FAC. [Doc. No. 23.] While Wells Fargo's motion

17  to dismiss was pending, Wells Fargo and Wachovia entered into a good faith settlement with plaintiff.

18  [Doc. No. 32.] The settlement was approved by the Court on March 2, 2012. [Doc. No. 50.] The

19  federal causes of action alleged against Wells Fargo were subsequently dismissed. [Doc. No. 56.]

20        Plaintiff filed a Second Amended Complaint ("SAC") on April 2, 2012. [Doc. No. 53.] The

21  SAC alleged four causes of action, including violations of: (1) the Elder Abuse Act; (2) common law

22  provisions against fraud and deceit; (3) breach of fiduciary duty; and (4) unlawful, unfair, and

23  deceptive practices under the UCL.[3] On May 1, 2012, defendant Hagobian filed a Motion to Dismiss

24

25        [2] On March 16, 2011 this case was transferred from Judge Irma E. Gonzalez. [Doc. No. 12.]

26        [3] The SAC named Seamless, McDevitt, Hagobian, Jean-Pierre Radtke ("Radtke"), Premiere
    Capital Escrow, Inc. ("Premiere"), and Luis Antonio Venegas ("Venegas") as defendants. Defendants
27  Radtke, Premiere, and Venegas were added as additional defendants by Plaintiff for the first time in
    the SAC. A summons for the SAC was issued on April 3, 2012. [Doc. No. 54] Defendant Hagobian
28  has been served and appeared.   Defendant McDevitt has been served with the FAC but not the SAC,
    but has yet to appear.  All other added defendants have not yet been served.

1   [Doc. No. 59] and on June 1, 2012, plaintiff filed a motion to remand. [Doc. No. 61.] On August 1,

2   2012, plaintiff filed the instant motion for an order extending time to serve defendants for ninety days

3   and to permit limited discovery of defendants' locations. [Doc. No. 69 & 70.] On August 7, 2012 a

4   response in opposition to the plaintiff's request for expedited limited discovery was filed by the

5   defendant. [Doc. No. 71.] On August 23, 2012, while the plaintiff's motion for expedited limited

6   discovery was pending, the Court issued an order granting a ninety day extension of time to serve

7   defendants. [Doc. No. 72.] On September 10, 2012, the Court issued an order denying the plaintiff's

8   Motion to Remand, [Doc. No. 61] and granting defendant's Motion to Dismiss the SAC [Doc. No. 59]

9   with regard to the first three causes of action without leave to amend, and with leave to amend with

10   respect to the fourth cause of action. Plaintiff was ordered to file an amended complaint within thirty

11   (30) days of the Order, in the event the plaintiff elected to file an amended complaint with respect to

12   the fourth cause of action. Defendants' answer was to be due within thirty (30) days of the filing of

13   the amended complaint.

14        On October 10, 2012, plaintiff filed a Third Amended Complaint ("TAC"). [Doc. No. 74.]

15   The Complaint contains four causes of action including violations of: (1) the Elder Abuse Act[4]; (2)

16   common law provisions against fraud and deceit[5]; (3) breach of fiduciary duty[6]; and (4) unlawful,

17   unfair, and deceptive practices under UCL.[7]

18                              **FACTUAL BACKGROUND**

19        Plaintiff alleges that she is a victim of fraud and elder abuse due to the fraudulent and deceitful

20   financial practices of defendants. Plaintiff alleges that defendants conspired to fraudulently induce her

21   to refinance her home and that as a result she paid $27,000 to enter into a loan that she neither

22

23   _____

24        [4] This cause of action is asserted against Defendants Seamless, McDevitt, Radtke, Venegas,
25   and DOES 1-100.

26        [5] This cause of action is asserted against Defendants Seamless, McDevitt, Radtke, Venegas,
     and DOES 1-100.

27        [6] This cause of action is asserted against Premier Capital, Seamless and DOES 1-100.

28        [7] This cause of action is asserted against all defendants. A motion for sanctions is pending by
     defendant Hagobian, but does not appear to affect the current discovery motion at issue. [Doc. No.
     76.]

1 understood nor could afford. [Doc. No. 53, SAC at 4.]

2      Plaintiff further alleges that defendants solicited her to refinance her home, falsified her loan

3 application, misrepresented her income for the loan application, forged her signature and ultimately

4 provided her with a deceptively devised financial product. [*Id.* at 5-6.] Plaintiff was eventually unable

5 to pay the monthly loan payments and was unsuccessful at arranging further modifications to her loan.

6 [*Id.* at 6,7.]  After a foreclosure proceeding was begun against plaintiff's home, a short sale was

7 arranged at the suggestion of Wachovia. [*Id.* at 7.] As alleged, plaintiff lost her home and all of her

8 savings as a result of defendant's alleged wrongdoing. [*Id.*]

9 <div align="center">**DISCUSSION**</div>

10      Plaintiff's Ex Parte Application for Leave to Take Limited Discovery seeks an order permitting

11 very limited, tailored discovery in the form of interrogatories directed to Mr. Hagobian requesting

12 provision of any and all contact information for the remaining defendants.

13      Discovery is generally not permitted without a court order before the parties have conferred

14 pursuant to Federal Rule of Civil Procedure 26(f), unless a party obtains a stipulation or court order

15 to conduct the discovery.  FED. R. CIV. P. 26(d)(1).  A court order allowing the discovery may be

16 appropriate when there is good cause or "where the need for the discovery, in consideration of the

17 administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo*

18 *Elec. Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).  "[I]n rare cases, courts have made

19 exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff

20 to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v.*

21 *Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal.1999).  Courts in the Ninth Circuit generally grant

22 requests for expedited discovery when the moving party shows good cause. *See also*, *Gillespie v.*

23 *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (reversing the district court's dismissal of the case with

24 respect to the doe defendants without permitting discovery from other named defendants).  Courts also

25 consider whether the requested "expedited discovery would ultimately conserve party and court

26 resources and expedite the litigation." *Semitool*, 208 F.R.D. at 276.

27      Plaintiff has reason to believe that she will be able to locate and serve at least some of the

28 defendants if she is permitted to obtain information in the possession of Chad Hagobian. [Doc. No.70

<div align="center">- 4 -</div>

1  at 2.] As indicated in Mr. Salisbury's Declaration in support of this application, plaintiff has learned

2  through discussions with Mr. Hagobian's attorney that Mr. Hagobian was not only the broker of record

3  for defendant Seamless Financial Corporation, but also may have been its treasurer. [Doc.70-1 at 2.]

4  The Declaration also states that Mr. Hagobian worked closely with defendant Jean-Pierre Radtke,

5  President of Seamless. [*Id.*] Mr. Hagobian did not respond to an informal request for information

6  regarding the location of the defendants. [Doc. No. 70 at 2.] Plaintiff has requested narrowly "tailored"

7  discovery in the form of interrogatories asking Mr. Habogian to provide all known contact information

8  for the remaining defendants." [*Id.*] Expedited discovery is permissible when it is "narrowly tailored"

9  to "contribute to moving th[e] case forward" and is not to be a "free ranging" inquiry for which

10  defendant may not have had ample time to prepare). *Semitool*, 208 F.R.D. at 277 (finding narrowly

11  tailored expedited discovery permissible when it substantially moves the case forward). Plaintiff has

12  demonstrated that the narrow discovery requested will likely contribute to moving this case forward;

13  further, the service of this discovery does not prejudice defendant Chad Hagobian.

14  <center>**CONCLUSION**</center>

15  Based on the foregoing, the Court finds good cause to grant plaintiff's application for an order

16  permitting limited expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) to obtain

17  information from Mr. Chad Hagobian concerning the location of the other named defendants.

18  Therefore, **IT IS HEREBY ORDERED THAT** plaintiff's Ex Parte Application for Leave to Take

19  Expedited Discovery is **GRANTED**.

20  **IT IS SO ORDERED.**

21  Date: December ___/___, 2012

22

23  KAREN S. CRAWFORD

United States Magistrate Judge

24

25

26

27

28