UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLA ROSE, an individual,<br><br>    Plaintiff,<br>v.<br><br>SEAMLESS FINANCIAL CORPORATION INC., a Nevada Corporation; MICHAEL MCDEVITT, an individual; CHAD HAGOBIAN, an individual; JEAN-PIERRE RADTKE, an individual; PREMIERE CAPITAL ESCROW, INC., a California corporation; LUIS ANTONIO VENEGAS, an individual; and DOES 1-100,<br><br>    Defendants. | Civil No. 11cv240 AJB (KSC)<br><br>ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION TO SERVE DEFENDANTS MICHAEL MCDEVITT, JEAN-PIERRE RADTKE, AND LUIS ANTONIO VENEGAS BY PUBLICATION; AND DEFENDANT PREMIERE CAPITAL ESCROW BY SERVING THE CALIFORNIA SECRETARY OF STATE<br><br>(Doc. No. 87) |

    On March 18, 2013, Plaintiff Marcella Rose ("Plaintiff") filed an *ex parte* application requesting leave to serve Defendants Michael McDevitt ("McDevitt"), Jean Pierre-Radtke ("Radtke"), and Luis Antonio Venegas ("Venegas") by publication; and Defendant Premiere Capital Escrow, Inc., a California corporation ("Premiere") by effectuating service on the California Secretary of State. (Doc. No. 87.) Neither McDevitt, Radtke, Venegas, nor Premiere have appeared in the action.[1] For the reasons set forth below, the

---

[1] Defendant Chad Hagobian ("Hagobian") has already appeared in the action, (Doc. Nos. 19, 59), and proof of service of the operative Third Amended Complaint on Defendant Seamless Financial Corporation Inc., was filed on March 18, 2013, (Doc. No. 86).

Court DENIES without prejudice Plaintiff's motion to serve McDevitt, Radtke, and Venegas by publication, and DENIES without prejudice Plaintiff's motion to serve Premiere by effectuating service on the California Secretary of State. Additionally, the Court GRANTS Plaintiff a final ninety-day (90) extension of time to effectuate service on McDevitt, Radtke, Venegas, and Premiere.

## *BACKGROUND*

### I.   Procedural History

Plaintiff Marcella Rose is a 91-year-old woman residing in San Diego, California. The present action was originally filed on December 29, 2010 in state court against defendants Wachovia, Wells Fargo, Seamless, McDevitt, and Hagobian. (Doc. No.1.) The complaint contained six causes of action: (1) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"); (2) violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"); (3) violation of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq*. ("Rosenthal Act"); (4) unfair competition under California Business and Professions Code §§ 17200 *et seq*. ("UCL"); (5) common law fraud and deceit; and (6) violation of the Elder Abuse and Dependent Adult Civil Protection Act, California Welfare & Institutions Code § 15610.30 ("Elder Abuse Act"). The first, second, and third causes of action were alleged solely against Wells Fargo, whereas the remaining state law causes of action were alleged against all Defendants. (Doc. No. 1.)

On February 4, 2011, Defendants removed the action to federal court on the basis of federal question jurisdiction and supplemental jurisdiction over the related state law claims. (Doc. No. 1.) On February 11, 2011, Defendant Wells Fargo filed a motion to dismiss the complaint, (Doc. No. 2), which was subsequently denied as moot after Plaintiff filed a First Amended Complaint ("FAC") on March 4, 2011. (Doc. No. 7.) Thereafter, on March 18, 2011, Wells Fargo moved to dismiss Plaintiff's FAC. (Doc. No. 13.) While Wells Fargo's motion to dismiss was pending, Wells Fargo and Wachovia entered into a good faith settlement with Plaintiff. (Doc. No. 32.) The settlement was

approved by the Court on March 2, 2012, (Doc. No. 50), and the federal causes of action alleged against Wells Fargo were subsequently dismissed, (Doc. No. 56).

Plaintiff filed a Second Amended Complaint ("SAC") on April 2, 2012. (Doc. No. 53.) The SAC alleged four causes of action: (1) violation of the Elder Abuse Act; (2) common law fraud and deceit; (3) breach of fiduciary duty; and (4) unlawful, unfair, and deceptive practices under the UCL.[2] On May 1, 2012, Defendant Hagobian filed a motion to dismiss, (Doc. No. 59), and on June 1, 2012, Plaintiff filed a motion to remand, (Doc. No. 61). On August 1, 2012, Plaintiff filed a motion for an order extending time to serve Defendants Seamless, McDevitt, Radtke, Venegas, and Premiere, and for an order permitting limited expedited discovery of Defendants' locations. (Doc. Nos. 69, 70.) On August 23, 2012, while Plaintiff's motion for expedited limited discovery was pending, Magistrate Judge Crawford issued an order granting a ninety-day (90) extension of time to serve the non-appearing Defendants. (Doc. No. 72.) On September 10, 2012, the Court issued an order denying Plaintiffs' motion to remand, (Doc. No. 61), and granting Defendant Hagobian's motion to dismiss the SAC, (Doc. No. 59).

On October 10, 2012, Plaintiff filed the operative Third Amended Complaint ("TAC"). (Doc. No. 74.) The TAC contains four causes of action: (1) violation of the Elder Abuse Act; (2) common law fraud and deceiet; (3) breach of fiduciary duty; and (4) unlawful, unfair, and deceptive practices under UCL.[3] On December 4, 2012, Judge Crawford granted Plaintiff's *ex parte* application for an order permitting limited expedited discovery to obtain the contact information for Defendants Seamless, McDevitt, Radtke, Venegas, and Premiere. (Doc. No. 79.) Thereafter, the Court denied Defendant

---

[2] The SAC named Seamless, McDevitt, Hagobian, Radtke, Premiere, and Venegas as Defendants. Defendants Radtke, Premiere, and Venegas were added as additional Defendants by Plaintiff for the first time in the SAC. A summons for the SAC was issued on April 3, 2012. (Doc. No. 54.) Defendant Hagobian was served and appeared.

[3] The first and second causes of action are asserted against Defendants Seamless, McDevitt, Radtke, Venegas, and Does 1-100; the third cause of action is asserted against Premiere, Seamless, and Does 1-100; and the fourth cause of action is asserted against all Defendants. (Doc. No. 74.)

Hagobian's motion to dismiss the TAC and motion for sanctions, and ordered Hagobian to respond to the TAC within thirty-days (30). (Doc. No. 84.) Hagobian filed an answer to the TAC on February 1, 2013. (Doc. No. 85.) Proof of service of the TAC on Defendant Seamless was filed on March 18, 2013. (Doc. No. 86.)

## II.    Factual Background

This action concerns claims for elder abuse, fraud, and deceitful business practices by all Defendants. (Doc. No. 74.) Specifically, Plaintiff alleges that Defendants conspired to fraudulently induce her to refinance her home, and as a result, she paid $27,000 to enter into a loan that she neither understood nor could afford. (*Id.* at 1-2.) Plaintiff further alleges that Defendants solicited her to refinance her home, falsified her loan application, misrepresented her income for the loan application, forged her signature, and ultimately provided her with a deceptively devised financial product. (*Id.* at 5-6.) Consequently, Plaintiff was eventually unable to pay the monthly loan payments and was unsuccessful at arranging further modifications to her loan. (*Id.* at 6-7.) After a foreclosure proceeding was begun against Plaintiffs' home, a short sale was arranged at the suggestion of Wachovia. (*Id.* at 7.) As alleged, Plaintiff lost her home and all of her savings as a result of Defendants' wrongdoing. (*Id.*)

## *DISCUSSION*

Plaintiff's instant *ex parte* application contends she has been unable to confirm service of the summons and operative TAC on Defendants McDevitt, Radtke, Venegas, and Premiere despite reasonably diligent efforts. Accordingly, Plaintiff seeks leave to serve Defendants McDevitt, Radtke, and Venegas by publication; and Defendant Premiere by serving the California Secretary of State. The Court addresses each request in turn.

## I.    Plaintiff's Section 415.50 Motion: "Service by Publication"

Federal Rule of Civil Procedure 4 provides that service of the summons and complaint may be effected in any judicial district of the United States pursuant to the law

of the state in which the district court is located. Fed. R. Civ. P. 4. The California Code of Civil Procedure permits service by publication "as a last resort." *Donel Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (Cal. Ct. App. 1978). Thus, "[p]ersonal service remains the method of choice under the statutes and the constitution . . . [and] when substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required." *Olvera v. Olvera*, 232 Cal. App. 3d 32, 41 (Cal. Ct. App. 1991).

Pursuant to California Code of Civil Procedure Section 415.50(a)(1), service by publication is permitted only "if upon affidavit it appears to the satisfaction of the court in which the action is pending that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." (emphasis added). In other words, Section 415.50(a)(1) requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested. *See Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (Cal. Ct. App. 1977) (holding that Section 415.50(a)(1) requires "an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the [the cause of action] appear, for the Judge to act upon before he has any jurisdiction to make the order" authorizing service by publication).

For example, in *City and County of San Francisco v. Upp*, No. A123528, 2011 WL 1197524 (Cal. App. 1st Dist. Mar. 30, 2011), the court affirmed a trial court order vacating a default judgment because the declaration supporting service by publication was legally insufficient. The City's declaration supporting service by publication, which was signed by a deputy attorney for the City, contained a "short paragraph" stating that the defendant's property was a nuisance and that it had unsafe parapet walls. *Id*. at *5. The court in *Upp* stated that these "conclusory" statements were "insufficient to support a cause of action," and noted that the declaration failed to explain how the deputy city

attorney, who signed the declaration, had personal knowledge of the condition of the parapet walls. *Id.*

Here, Plaintiff attached two declarations and multiple exhibits in support of the instant *ex parte* application—a declaration from Malinda R. Dickenson ("Dickenson Declaration"), Plaintiff's counsel of record; and a declaration from Deborah M. Perlstein ("Perlstein Declaration"), an employee of Major's & Fox, also Plaintiff's counsel of record. (Doc. No. 87.) However, neither the Dickenson Declaration nor the Perlstein Declaration make any mention of any facts that could support a cause of action against Defendants McDevitt, Radtke, Venegas, or Premiere. The *ex parte* application is similarly deficient, as it simply reiterates the attempts at service contained within both declarations. Accordingly, the Court finds the Dickenson Declaration, the Perlstein Declaration, and the *ex parte* application "devoid of any facts from which the trial court could draw the conclusion that a cause of action existed against [any of the] defendants." *Harris*, 68 Cal. App. 3d at 726.

Additionally, California Code of Civil Procedure Section 415.50(a) requires that the affidavit supporting service by publication clearly specifies how "the party to be served cannot with *reasonable diligence* be served in another manner specified in this article." (emphasis added). This statutory requirement is supported "by notions of fair play and justice embodied in the concept of due process of law" and must be strictly complied with "before resorting to the fictional notice afforded by publication." *Donel*, 87 Cal. App. 3d at 332. Citing the Judicial Council Comment to Section 415.50, the court in *Kott v. Superior Court*, 45 Cal. App. 4th 1126 (Cal. Ct. App.1996), stated that:

> The term 'reasonable diligence' takes its meaning from the former law: it denotes a *thorough, systematic investigation* and inquiry conducted in good faith by the party or his agent or attorney. A *number of honest attempts* to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information,

and consequently must be searched *before resorting to service by publication*.

*Id.* at 1137 (citing Cal. Judicial Council Com., 14 West's Ann. Code Civ. Proc. (1973 ed.)) (emphasis added). Therefore, the sworn statement supporting the request for service by publication must detail the necessary efforts to serve the defendants by other means. *See Sanford v. Smith*, 11 Cal. App. 3d 991, 999 (Cal. Ct. App. 1970) ("A test of the sufficiency of the affidavit is whether it is so clear and certain that a charge of perjury could be sustained if its specified facts showing diligence are false.").

Here, the Court finds Plaintiff clearly specified how McDevitt could not be served with reasonable diligence through means other than service by publication, but failed to clearly articulate reasonable diligence was employed to serve Radtke and Venegas before resorting to service by publication. For example, Plaintiff alleges she made multiple attempts to serve McDevitt. As stated in the Dickenson Declaration, service on McDevitt was attempted: (1) on or about February 11, 2011, at 655 North Central Avenue, 17th Floor, Glendale, California; (2) on or about February 9, 2011 through March 9, 2011, at 1720 Scott Road, Apt 112; and (3) on or about May 12, 2011, at 433 North Camden Drive, 6th Floor, Beverly Hills. (Doc. No. 87, Dickenson Decl. ¶8.) The first two attempts were unsuccessful, whereas Plaintiff believes substituted service was effectuated on the third attempt because the package was left with a "Jane Doe," who was listed as the receptionist for the building. (Doc. No. 20.)

Moreover, the Perlstein Declaration states that service on McDevitt was attempted by mailing the SAC, notice of lawsuit, and request for waiver of service: (1) on June 22, 2012, to 311 E. Valencia Ave., Apt. D, Burbank, California 91502-3372; and (2) on July 9, 2012, to 9107 Wilshire Blvd., Ste. 450, Beverly Hills, California 90210. (Doc. No. 87, Perlstein Decl. ¶¶ 4, 5.) The second attempt was returned on July 15, 2012 as "RTS" and nothing was returned regarding the first attempt. (*Id.*) Thereafter, in response to attempts to serve McDevitt with the TAC, Malinda Dickenson received two phone calls, wherein McDevitt alleged he "did not cheat anyone out of money," argued he was not the right

"McDevitt," and requested Dickenson return his call to clear up the misunderstanding. (Doc. No. 87, Ex. 7.) Although Dickenson attempted to call "McDevitt" back to confirm that he was not in fact the appropriate defendant, "McDevitt" never returned her call. (Doc. No. 87, Dickenson Decl. ¶ 9.) Accordingly, based on Plaintiff's *ex parte* application and declaration and exhibits attached thereto, the Court finds Plaintiff employed reasonably diligent efforts to serve McDevitt by other means before requesting leave to effectuate service by publication.

In comparison, the Court finds Plaintiff's single efforts to serve Radtke and Venegas insufficient. With respect to Defendant Radtke, Plaintiff attempted service by mailing the summons, TAC, notice of lawsuit, and request for waiver of service on February 26, 2012, to 5655 Lindero Canyon Road, #626, Westlake, California 91362. (Doc. No. 87, Perlstein Decl. ¶ 2.) This was the address provided by Defendant Hagobian and confirmed by an internet search conducted on the California Department of Real Estate website. (Doc. No. 87, Dickenson Decl. ¶¶ 2, 4, Exs. 1, 3.) The documents were not returned as undeliverable and no response has been provided. Plaintiff has not thereafter attempted further service on Radtke. With respect to Defendant Venegas, Plaintiff attempted service by mailing the summons, TAC, notice of lawsuit, and request for waiver of service on February 26, 2012, to 5777 W. Century Blvd., Ste. 665, Los Angeles, California 90045. (Doc. No. 87, Perlstein Decl. ¶ 3.) Defendant Hagobian was not able to identify an address for Defendant Venegas, but this was the address listed for Venegas on the California Department of Real Estate website. (Doc. No. 87, Dickenson Decl. ¶ 4, Ex. 3.) The documents were not returned as undeliverable and no response has been provided. Plaintiff has not thereafter attempted further service Venegas.

Therefore, although Plaintiff documented the singular attempt to serve Defendant Radtke and Defendant Venegas, and engaged in diligent efforts to locate such Defendants, the Court finds Plaintiff failed to satisfy the "reasonable diligence" standard in effectuating service of process. *See e.g., Donel*, 87 Cal. App. 3d at 332 (finding insuffi-

cient due diligence when only one method employed); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (finding that "process which is a mere gesture is not due process"); *Watts v. Crawford*, 10 Cal. 4th 743, 749 n. 5 (Cal. 1995) (finding that "[i]f a defendant's address is ascertainable, a method of service superior to publication must be employed, because constitutional principles of due process of law, as well as the authorizing statute, require that service by publication be utilized only as a last resort"); *Flores v. Kmart Corp.*, 202 Cal. App. 4th 1316, 1330 (Cal. Ct. App. 2012) (finding that if a creditor's identity is known or reasonably ascertainable, service by publication does not comply with the Fourteenth Amendment due process clause notice requirement—actual notice is constitutionally required); *Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182, (Cal. Ct. App. 1998) (finding that after six attempts at personal service, "drop service" was appropriate). Accordingly, even though Plaintiff engaged in "reasonably diligent" efforts to serve Defendant McDevitt, Plaintiff's request is DENIED as to Defendants McDevitt, Radtke, and Venegas because Plaintiff failed to comply with the requirements set forth by Section 415.50(a)(1) as to each Defendant. *See Harris*, 68 Cal. App. 3d at 726; *Stafford*, 64 Cal. App. 4th at 1182.

**II. Plaintiff's Section 2011(b) Motion: "Service on the California Secretary of State"**

California Code of Civil Procedure Section 416.10 governs service on corporations. *See Gibble v. Car–Lene Research, Inc.*, 67 Cal. App. 4th 295, 303 (Cal. Ct. App. 1998). Under Section 416.10, a corporation can be validly served through four basic categories of individuals: "(1) a designated agent for service of process, (2) enumerated officers and other authorized agents of the corporation; (3) a cashier or assistant cashier of a banking corporation; and (4) where the party attempting service cannot with reasonable diligence serve an individual in any other category, the Secretary of State as provided by Corporations Code" Sections 1701, 1702, 2110, or 2111. *Id*. at 303-04. Moreover, California Corporations Code Section 2011 governs causes of action against

dissolved corporations, and dictates acceptable methods of service of process on such entities. Section 2011(b) provides:

> Summons or other process against such a corporation may be served by delivering a copy thereof to an officer, director or person having charge of its assets or, if no such person can be found, to any agent upon whom process might be served at the time of dissolution. If none of such persons can be found with due diligence and it is so shown by affidavit to the satisfaction of the court, then the court may make an order that summons or other process be served upon the dissolved corporation by personally delivering a copy thereof, together with a copy of the order, to the Secretary of State or an assistant or deputy secretary of state. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 2011, subdivision (b); *see also Penasquitos, Inc. v. Super. Ct.*, 53 Cal. 3d 1180, 1189–90 (Cal. Ct. App. 1991). The Court interprets "due diligence" in Section 2011(b) to require the same efforts to serve by other means as California Code of Civil Procedure § 415.50.

Here, Plaintiff's Section 2011(b) motion seeks an order authorizing Plaintiff to serve Defendant Premier by effectuating personal service on the California Secretary of State. The Perlstein Declaration states that Plaintiff attempted service on Premier at 23822 W. Valencia Blvd., Ste. 301, Valencia, California 91355-5350, but was notified that "Denny & Associates" is now the business occupant of that location. (Doc. No. 87, Perlstein Decl., ¶ 6.) Plaintiff did not state what date service was attempted on Premier. Therefore, although Plaintiff may effectuate service on Premier by serving an "officer, director, or person having charge of its assets" pursuant to Section 2011(b), the Court finds, as further articulated above, that Plaintiff's single efforts to serve Venegas—the principal of Premier—are insufficient to meet the "due diligence" standard required under this Section. Accordingly, Plaintiff's *ex parte* application to serve Defendant Premier by serving the California Secretary of State is DENIED.

///

///

## *CONCLUSION*

For the reasons set forth above, the Court DENIES without prejudice Plaintiff's *ex parte* application to serve Defendants McDevitt, Radtke, and Venegas by publication; and serve Defendant Premier by effectuating service on the California Secretary of State. (Doc. No. 87.) However, the Court also GRANTS Plaintiff a final ninety-day (90) extension to serve the above named Defendants. *See* Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

DATED: March 26, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge